UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KEITH HENDERSON,

    Plaintiff,

v.                                        Case No. 4:21-cv-180-MW/MJF

JOEL ARNOLD, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Keith Henderson, DC# 102124, has filed an amended complaint under 42 U.S.C. § 1983. (Docs. 1, 18). Henderson also moved for leave to proceed *in forma pauperis*. (Doc. 19). The undersigned recommends that Henderson's motion for leave to proceed *in forma pauperis* be denied and that this case be dismissed without prejudice under 28 U.S.C. § 1915(g), because Henderson is barred under § 1915(g) from proceeding *in forma pauperis* and he failed to pay the filing fee upon initiating this lawsuit.[1]

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

# I. Procedural History

Henderson is an inmate of the Florida Department of Corrections ("FDC") currently confined at Suwanee Correctional Institution. On February 22, 2021, Henderson commenced this action by filing a handwritten document in the United States District Court for the Northern District of California. (Doc. 1 at 1, 6). Henderson subsequently filed a complaint on a form approved for use in the Northern District of California. (Doc. 9).

On April 28, 2021, United States Magistrate Judge Jacqueline Scott Corley transferred the case to the United States District Court for the Northern District of Florida. (Doc. 13). Because Henderson's complaint and his motion for leave to proceed *in forma pauperis* were not on the proper forms, the undersigned directed Henderson to file an amended complaint and motion for leave to proceed *in forma pauperis* on the court-approved forms.

On June 2, 2021, Henderson filed his first amended complaint and his motion for leave to proceed *in forma pauperis* on the court-approved forms. (Docs. 18, 19). He indicated that he had never filed a case that was dismissed for a reason listed in 28 U.S.C. § 1915. He admitted filing similar lawsuits in state and federal courts, but he claimed that he could not recall his litigation history. He related that he had filed a lawsuit in a federal court in Albany, Georgia that challenged his conviction or related to the conditions of his confinement. Henderson provided few other details,

however.

## II. Factual background

In his first amended complaint, Henderson alleges the following:

Direct toward me Keith Henderson25 to harm[.] I was attacked by physical injuries of harm by et al. Judge Wade Mercer of Jackson County Fourteenth Judicial Circuit Court on 1:40 p.m sentencing hearing started on VOP 3 yrs probations I was found guilty at 2:36 pm 8-13-19) and given a illegal sentence by the following Judge Wade Mercer et al. state attorney Laura Parrish Wade Owens on insufficient of counseler representation of a fair hearing for a low-modern risk category for absconding change of residence. I was sentence outside of the guideline points procedures and sentence to 20 years in prison for a 21-day jail sentence and on the appeal I was given court appointment public defender Joel Arnold - on the appeal First District Court of Tallahassee DCA-Case no. 1D19-3118) et al. Hon. Ashley Moody [illegible] inconspiracy with more than one person, denied my motion to correct illegal sentence. Never did give me a fair equality rights on appeal by Joel Arnold whom was not in conflict of interest and insufficient of counsler and racial discriminating. U.S. District Court of Tallahassee on going back on a hearing set for direct appeal on illegal sentencing by Defendant Wade Mercer of Jackson County is clearly a constitutional rights of the 14th Amendment rights by et al Joel Arnold public defendants failure to [illegible] and error or correct on illegal sentencing by Wade Mercer et al. et al Hon. Ashley Moody on holding back order by desegregations.

District Court of Appeal First District 2000 [illegible] Tallahassee Fl, 3299-et al. Kristina Samuels, Hon. Ashley Moody on case no. 1D19-1914 Lt. No. Jackson County Sheriff Dept. et. al. Louis Roberts by holding back order by desegregation U.S. District Court on attacked by racial discrimination never would produce the Body person of Keith Henderson25 color of race. Black his due process law in which they violated his 14 amendment rights on filing a 42 U.S.C. 1983 civil suit on notice of appeal. Case no. 1D19-3118LT No. 32-2016CF-01133A on misrepresentation of a public defender Joel Arnold defendant, work against me on the appeal of insufficient of counseling representation on the notice of appeal by racial discriminationing, and writing a frivolous

> malious motion to get back at me causing harm on filing previously 42 USC 1983 civil -action on the VOP probation for absconding changing of residence, inconspiracy unlawfully act by et al. Joel Arnold and the First District Court of Tallahassee Fl et. al Hon. Ashley Moody in the circuit court Fourteenth Judicial Circuit of the State of Fla. Jackson County state attorney Lauren Parish Wade Owens Kellie Smith Sharon Jerngan Wader Mercer Elizabeth Simpson for and illegal-sentencing on 3 yr probation Hearing August 12, 2019) and sentence to 20 yrs for a 21-day sentence and was inconspiracy denied on motion to correct illegal sentence by Jackson County Superior Court Judge Wader Mercer on injustice and racial discriminating, and going out of guideline procedure an on the first district court of Tallahassee on my constitutional liberty rights for want of prosecution and immunity that is relief due on the 42 USC. 1983 civil action. and on granting my notice of appeal direct and re-sentencing me plaintiff Keith Henderson25 under the guideline procedure for the change of residences charges and absconding by and for justice and by law. and unlawfully act committed by et al. Judge Wade Mercer of Jackson County et al. Joel Arnold on illegal sentencing procedure guideline and motion to correct any illegal sentence. Et al. US. District Court across the nation inconspiracy on committing an unlawful act.

(Doc. 18 at 6-8) (typographical and grammatical errors in the original).

### III. DISCUSSION

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* if the prisoner previously filed three or more actions that were dismissed for frivolity, maliciousness, or for failure to state a claim. *See* 28 U.S.C. § 1915(g). The statute provides a narrow exception for instances in which the prisoner-litigant is in imminent danger of serious physical injury. *Id.* The statute provides in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the

>prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). An exception exists for prisoners who are "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004).

Henderson has filed many civil actions in federal courts. Indeed, United States District Judge W. Louis Sands noted

>A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed dozens of frivolous and meritless cases in federal court and that "his status as a three-strike plaintiff cannot seriously be disputed." *Henderson v. Thrash*, No. 1:14-cv-00202-NT, 2014 WL 2944065, at *1 (D. Me. June 30, 2014); *see Henderson v. Jackson*, No. 7:14-cv-00208-HL-TQL (M.D. Ga. Feb. 27, 2015) (dismissing case under § 1915(g) and for failure to state a claim under § 1915A(b)); Initial Review Order at 8, *Henderson v. Hilton Hall*, No. 1:14-cv-00438-REB (D. Id. Jan. 26, 2015), ECF No. 16 (dismissing complaint as frivolous and malicious); *Henderson v. State of Georgia*, No. 1:15-cv-01007 (C.D. Ill. 2015) (dismissing complaint as frivolous and malicious, and imposing filing restrictions); Order, *In re Keith Henderson*, No. 3:12-mc-00002-DHB

> (S.D. Ga. Dec. 18, 2012), ECF No. 1 (finding five separate filings frivolous, abusive, and subject to dismissal under § 1915(g)); Memorandum and Order at 2, *Henderson v. Butt*, No. 4:13-cv-01698-SPM (E.D. Mo. Aug. 30, 2013), ECF No. 4 (granting IFP and dismissing case as frivolous). Based on Plaintiff's history of filing abusive and frivolous pleadings, both the Southern District of Georgia and Northern District of Georgia have placed restrictions on his filings. *See* Order at 1, *In re Keith Henderson*, No. 3:12-mc-00002-DHB (S.D. Ga. Dec. 18, 2012), ECF No. 1 (stating Keith Henderson "is now deemed an abusive filer."); Order, *Henderson v. Butts*, No. 1:13-mi-00010-AT (N.D. Ga. Mar. 13, 2013), ECF No. 3. And the Eleventh Circuit Court of Appeals "has determined that the 'three strikes' provision of the Prison Litigation Reform Act of 1995 is applicable to" Plaintiff. Public Communication at 6, *Henderson v. Graham*, No. 13-10641 (11th Cir. June 5, 2013).

*Henderson v. Early Cnty. Sheriff's Dept.*, No. 1:18-cv-00057-WLS-TQL, 2018 WL 11152178, at *1 (M.D. Ga. May 7, 2018). As Judge Sands noted, Henderson has accrued at least three-strikes.[2] *Id.*; *see Henderson v. Quinn*, No. 5:14-cv-175-MW-GRJ (N.D. Fla. Aug. 4, 2014) (ECF No. 4) (recommending dismissal because Henderson had accrued three strikes) *report and recommendation* adopted (ECF No. 13).[3]

---

[2] Under Federal Rule of Evidence 201(b), a court may "take judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999). This court takes judicial notice of Henderson's previously filed cases and refers to documents in those case numbers as (ECF No. ___).

[3] Henderson appears to have more than one DOC number. Nevertheless, both the Georgia Department of Corrections' and the Florida Department of Corrections' websites contain photographs of Henderson and a list of his aliases. These indicate

Because Henderson has accrued *at least* three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown*, 387 F.3d at 1349. To fall within this exception, Henderson's complaint must include "specific, credible allegations of imminent-danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

---

that the Keith Henderson who filed the various civil actions discussed herein is Plaintiff Keith Henderson.

Additionally, Henderson refers to himself as "Keith Henderson25" in both this case and prior cases that recognized Henderson as a three-striker. *Compare* (Doc. 18 at 6) ("Direct toward me Keith Henderson25 to harm") *with Henderson v. Quinn*, No. 5:14-cv-175-MW-GRJ (ECF No. 34 at 1; ECF No. 35 at 1, 2) (utilizing the name "Keith Henderson25").

Finally, Henderson filed a habeas petition while he was an inmate of the Georgia Department of Corrections in the United States District Court for the Middle District of Georgia (Albany division). In that habeas petition, Henderson alleged that "Customary International Law [sic] several practices such as slavery state sponsored murders and kidnapping torture, arbitrary detention, systematic racial discrimination and violation of generally accepted human rights standards." *Henderson v. Virginia M. Hernandez-Covington*, No. 1:14-cv-0152-WLS (M.D. Ga. Oct. 20, 2014) (ECF No. 1 at 5). This verbatim allegation also is found in Henderson's original complaint in the instant lawsuit. (Doc. 1 at 5) ("customary international law prohibits several practices such as slavery[,] state-sponsored murders[,] and kidnappings torture, arbitrary detention systematic racial discrimination and violation of generally accepted human rights standards.").

Here, Henderson's allegations do not indicate that he is in imminent danger of serious physical injury. While Henderson asserts in a conclusory fashion that he was "attacked by physical injury" and harm was directed at him, Henderson provided no factual allegations to support these claims. In short, Henderson does not allege that he faced imminent serious physical injury at the time he commenced this lawsuit.

Because Henderson is barred from proceeding *in forma pauperis* and failed to pay the filing fee at the time he filed this lawsuit, this case should be dismissed without prejudice pursuant to section 1915(g). *See Dupree*, 284 F.3d at 1236.

## IV. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Plaintiff's motion for leave to proceed *in forma pauperis*, (Doc. 19), be **DENIED**.

2. This action be **DISMISSED**, pursuant to 28 U.S.C. § 1915(g), without prejudice to Plaintiff's initiating a new cause of action accompanied by payment of the $402.00 filing fee.

3. The clerk of court terminate all pending motions and close this case file.

At Pensacola, Florida, this <u>8th</u> day of June 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**

**United States Magistrate Judge**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**